UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBORAH LAUFER,                                1:20-CV-00407-LJV-MJR

                    Plaintiff,                 REPORT, RECOMMENDATION
                                               and ORDER
        -v-

DRASHTI BATAVIA LLC,

                    Defendant.

---

        This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo

pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon

dispositive motions. (Dkt. No. 7).

        Before the Court is defendant's motion to dismiss the complaint under Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367. For

the following reasons, it is recommended that defendant's motion to dismiss (Dkt. No. 6)

be denied.

## PROCEDURAL HISTORY

        Deborah Laufer ("plaintiff") commenced this action against Drashti Batavia LLC

("defendant") based on allegations that defendant violated the Americans With Disabilities

Act ("ADA") by failing to comply with regulations requiring places of lodging to provide

accessibility to disabled individuals through online reservation systems ("ORS"). (Dkt. No.

1). On May 26, 2020, defendant filed the instant motion to dismiss plaintiff's claims. (Dkt.

No. 6). Plaintiff subsequently filed an amended complaint revising certain dates contained

in the complaint. (Dkt. No. 9). In light of the amended filing, defendant requested that the

Court construe its motion as seeking to dismiss the Amended Complaint and to read any references to the specified dates in its motion as indicating the amended dates. (Dkt. No. 11). The Court granted that request by text order and now reviews defendant's motion to dismiss in the context of the amended complaint. (Dkt. No. 13). Plaintiff filed a response in opposition to the motion to dismiss. (Dkt. 10). Defendant filed a reply. (Dkt. No. 17). Plaintiff was granted leave to file a sur-reply, which she did.[1] (Dkt. No. 22).

On October 19, 2020, the Court heard oral argument on the motion to dismiss and requested supplemental briefing. The parties submitted supplemental briefs on November 13, 2020 (Dkt. Nos. 41; 42), and responses on December 7, 2020. (Dkt. Nos. 47; 48). At that time, the Court considered the matter submitted for decision. At the Court's direction, plaintiff has made several additional filings notifying the Court of supplemental legal authority relevant to the issues raised in this case. (Dkt. Nos. 40; 43; 44; 45; 46; 49; 50).

## BACKGROUND [2]

Plaintiff is a self-identified "tester" of places of lodging and their websites for compliance with provisions of the ADA. She describes herself as an "advocate of the rights of similarly situated disabled persons." The Court's review of the PACER system shows that plaintiff has filed approximately 50 cases in this District and has brought numerous actions in other Districts in and outside this state. In this case, as in many

---

[1] On July 13, 2020, plaintiff filed a motion to strike new evidence and arguments presented for the first time in defendant's reply brief, specifically regarding defendant's invocation of the mootness doctrine. (Dkt. No. 25). Relatedly, on July 27, 2020, plaintiff filed a motion to strike defendant's motion to dismiss, or disqualify defendant as counsel, on the basis that defense counsel acted as an expert witness by providing a declaration in which he claimed that defendant's websites are in compliance with the ADA. (Dkt. No. 31). Defendant filed memoranda in opposition to both motions to strike. (Dkt. Nos. 33; 34). For the reasons explained herein, plaintiff's motions to strike are denied.

[2] The facts described herein are taken from plaintiff's amended complaint (Dkt. No. 9), unless otherwise noted.

others, plaintiff alleges that defendant has violated Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and its implementing regulations, 28 C.F.R. § 36.302(e)(1), as well as New York State Human Rights Law, NYS Exec. Law § 296(2)(a) and (c).

Plaintiff is a resident of Pasco County, Florida who qualifies as an individual with a disability under the ADA. Plaintiff uses a wheelchair or a cane to ambulate and has limited use of her hands. Plaintiff is also vision impaired. Plaintiff requires certain accessibility features in parking, doors, ramps, bathrooms, and other amenities to allow her to visit places of public accommodation and lodging. Defendant owns and operates a hotel known as Fairbridge Inn & Suites Batavia-Darien Amusement Park in Batavia, New York, which is a place of public accommodation under the ADA.

Plaintiff alleges that she visited defendant's online reservation system on three occasions in March 2020 for the purpose of reviewing the accessibility features of the property and ascertaining whether it meets the ADA requirements and her own accessibility needs. Plaintiff found that the websites did not comply with ADA regulations and thus prevented her from obtaining information about the hotel's accessibility options. Specifically, she alleges that the ORS maintained and operated by defendant, and through the third-party websites Booking.com, Expedia.com, Hotels.com, Priceline.com, Orbitz.com, and Agoda,.com, did not allow for reservation of accessible guest rooms or provide sufficient information regarding the accessibility features at the hotel. Plaintiff states that she intends to revisit defendant's ORS in the near future in order to test it for compliance with the ADA regulations and/or to utilize the system to reserve a guest room. Plaintiff asserts that the discriminatory conditions of defendant's ORS caused her to be deprived of the same advantages, privileges, goods, services, and benefits available to

the general public. Plaintiff asserts that she has suffered and will continue to suffer injury as a result of defendant's discrimination until defendant is compelled to modify its ORS to comply with the requirements of the ADA and to continually monitor and ensure that the ORS remains in compliance. Plaintiff asserts that she and all similarly situated individuals will continue to suffer discrimination, injury, and damage without immediate relief. Plaintiff seeks a declaratory judgment, injunctive relief and attorney fees and litigation expenses under the ADA, and damages under the New York State Human Rights Law.

## DISCUSSION

Defendant moves to dismiss plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, as well as under 28 U.S.C. § 1367. (Dkt. No. 6). Defendant argues that plaintiff does not have standing to bring this suit because (1) she has failed to allege that she intended at any time to travel to Batavia, New York or to stay at defendant's hotel; (2) she has not shown a causal connection between defendant and the alleged violations on third party websites; and (3) her claims for injunctive relief are moot. Defendant further argues that plaintiff has not stated a claim because she fails to provide details about what accessibility information was missing from the websites.

### I.    Pleading Standards

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). A court lacks the judicial power to hear a party's claims when the party does not have standing. *Harty v. West Point*

*Realty*, 19-CV-8800, 2020 U.S. Dist. LEXIS 141893, at *5 (S.D.N.Y. Aug. 7, 2020) (quoting *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank*, 747 F.3d 44, 48 (2d Cir. 2014)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court...may refer to evidence outside the pleadings." *Carlson v. Geneva City School Dist.*, 679 F. Supp. 2d 355, 364 (W.D.N.Y. 2010) (quoting *Makarova v. United S*tates, 201 F.3d 110, 113 (2d Cir. 2000)). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id*. In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).

A defendant may also move to dismiss a complaint on the ground that the complaint fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In order to state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). In reviewing a complaint in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief...requires the...court to draw on its judicial experience and common sense...[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 679. Review of a Rule 12(b)(6) motion is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

## II.   **Standing**

The need for standing to bring a claim in district court is an essential and unchanging part of the case-or-controversy requirement of Article III of the Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to have meet the "irreducible constitutional minimum of standing," a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560-61). To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. Nonetheless, harm need not be tangible to satisfy the requirement of concreteness. *Id.* An injury in fact can occur when a plaintiff "fails to obtain information

- 6 -

which must be publicly disclosed pursuant to a statute." *Fec v. Akins*, 524 U.S. 11, 21 (1998); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1998) (holding that deprivation of information about housing availability constitutes "specific injury" permitting standing). In the case of such an informational injury, a plaintiff need not allege any additional harm beyond his failure to receive information that the law renders subject to disclosure. *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 835 (7th Cir. 2019) (citing *Spokeo*, 136 S. Ct. at 1549).[3] Where, as here, a plaintiff seeks injunctive relief, he or she must also prove that the identified injury in fact presents a "'real and immediate threat of future injury,' often termed a 'likelihood of future harm.'" *Bernstein v. City of New York*, 621 Fed. Appx. 56, 57 (2d Cir. 2015) (summary order) (quoting *Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004).

Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA's implementing regulations require that hotel booking websites must allow individuals with disabilities to make reservations for "accessible guest rooms" and

---

[3] In *Carello*, plaintiff alleged that the defendant credit union's website violated his rights under the ADA because it did not support "screen reader" software to allow a blind individual, such as plaintiff, to access the website's visual content. *See* 930 F.3d 830. The Court ultimately held that Carello did not have standing to sue because he had not alleged an injury in fact. *Id.* at 833. However, the Court stressed that its holding was very narrow. *Id.* It explained that Carello was ineligible for membership in the credit union under state law and "a plaintiff who is legally barred from using a credit union's services cannot demonstrate an injury that is concrete or particularized." *Id.*; *accord Griffin v. Dep't. of Labor Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019) (finding no injury under similar circumstances but limiting its holding to the question of whether a plaintiff who is legally barred from making use of defendant's services may sue under the ADA for an allegedly deficient website).

must identify accessible features. 28 C.F.R. § 36.302(e)(1)(i)-(v). The regulations state,
in part:

> [...] a place of lodging shall, with respect to reservations made by any
> means, including by telephone, in-person, or through a third party [...]
> identify and describe accessible features in the hotels and guest
> rooms offered through its reservation service in enough detail to
> reasonably permit individuals with disabilities to assess independently
> whether a given hotel or guest room meets his or her accessibility
> needs.

*Id.* In the ADA context, standing, and therefore an injury in fact, is found where a plaintiff
"(1) alleges past injury under the ADA, (2) shows that it is reasonable to infer from his or
her complaint that the discriminatory treatment will continue, and (3) shows that it is
reasonable to infer that he or she "intend[s] to return to [the public accommodation]." *Harty
v. Greenwich Hospitality Group, LLC*, 536 Fed. Appx. 154, 155 (2d Cir. 2013) (summary
order) (citing *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013))
(alterations in original).

Here, plaintiff alleges that defendant's online reservation system failed to provide
accessibility information as required under the law, resulting in harm to her. She alleges
that she has visited defendant's ORS on several occasions in the past and that she
intends to visit it again in the future. Defendant argues that plaintiff has not suffered an
injury in fact, and thus has not established standing, because she fails to allege any
intention of actually staying at defendant's hotel.[4]

---

[4] In an affidavit filed as part of her response to the motion to dismiss, plaintiff appears to allege an intent
to visit the area and stay at defendant's hotel. She states that she formerly lived in New York, still has
family in the state, and frequently stays in a hotel when she visits. (Dkt. No. 10-1, ¶ 5). Although these
allegations are unpled, if plaintiff were permitted to amend her complaint, her stated intent to use
defendant's accommodations would make her position even stronger.

This Court does not find that actual intent to visit the defendant's hotel is a necessity for standing in this context. Following the reasoning of the Supreme Court in *Havens Realty*, a denial of access to information guaranteed by a civil rights statute can constitute an informational injury even in the absence of intent to utilize the service or accommodation in question. *See* 455 U.S. at 372-74. There, the Supreme Court held that a "tester" of discriminatory housing practices who was denied information about the availability of apartments on the basis of race had suffered a "specific injury" which satisfied Article III standing.[5] *Id*. The Court further explained, "that the tester may have approached the real estate agent fully expecting that he would receive false information, and without any intention of buying or renting a home, does not negate the simple fact of injury within the meaning of § 804(d) [of the Fair Housing Act of 1968]." *Id*. This reasoning was based on an assessment of the intent of Congress in enacting the statute. *Id*. Congress's broad intention to give "testers" standing to sue was evidenced by omission of a requirement to have a "bona fide offer" to rent or purchase prior to bringing suit, as mandated by other sections of the Fair Housing Act. *Id*; *see also Ragin v. Harry Maclow Real Estate Co.*, 6 F.3d 898, 904 (2d Cir. 1993) (finding that plaintiffs who were not in the market for housing but saw discriminatory real estate advertisements had standing to bring an FHA action).

Here, the ADA law allegedly violated imposes no express or implicit requirement of intent to visit or become a customer of the place of accommodation. It states only that

---

[5] Although the decision in *Haven Realty* predated that of *Spokeo*, its holding was not abrogated by the latter case. The Supreme Court clarified the relationship between the two, explaining that "a plaintiff seeking to vindicate a public right embodied in a federal statute [...] must demonstrate that the violation of that public right has cause him a concrete, individual harm distinct from the general population." *Spokeo*, 136 S. Ct. at 1553.

an online, or other, reservation system that fails to comply with specified terms constitutes a violation of the statute. *See* 42 U.S.C. § 12182(a); 28 C.F.R. 36.302(e)(1). Indeed, the Supreme Court has stated that Title III's broad general rule prohibiting discrimination against disabled individuals contains no express "clients or customers" limitation. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 679 (2001).

While it is unclear whether the Second Circuit has fully embraced "tester" status (i.e., an individual who seeks out and sues businesses for alleged violations of the ADA) as a basis for Article III standing, it is clear that an ADA "tester" must still satisfy the Article III standing prerequisites […]." *Feltzin v. Stone Equities, LLC*, CV-16-6457, 2018 U.S. Dist. LEXIS 22870, at *23 (E.D.N.Y. Feb. 8, 2018); *see also Carello*, 930 F.3d at 833 ("[W]hile tester status does not defeat standing, it does not automatically confer it either. A tester must still satisfy the elements of standing, including the injury-in-fact requirement.").

In *Houston v. Marod Supermarkets, Inc.*, a disabled plaintiff, who represented an advocacy group, sued a supermarket under § 12182(a) for violations caused by architectural barriers at one of its stores. 733 F.3d 1323, 1325-27 (11th Cir. 2013). Defendant sought dismissal on the grounds that plaintiff's "litigation history cast doubt on his sincerity to return to the Presidente Supermarket and face future discrimination." *Id.* The Eleventh Circuit acknowledged Houston's "tester motive" and found that being a "bona fide patron" was not a prerequisite for standing under Title III of the ADA. *Id.* at 1334 ("Stated differently, the alleged violations of Houston's statutory rights under Title III may constitute an injury-in-fact, even though he is a mere tester of ADA compliance."). Having found that tester status did not foreclose standing, the Court further required that

Houston show "a real and immediate threat of future injury." *Id*. It concluded he had standing to seek injunctive relief because he demonstrated a likelihood of returning to defendant's grocery store and suffering future harm. *Id*. at 1336-37. This assessment was based on a four-factor test of proximity, past patronage, definiteness of plan to return, and frequency of travel near the business. *Id*.

Unlike an ADA injury occurring due to physical barriers at a store, hotel, or other public accommodation, the harm here alleged occurred when plaintiff was unable to obtain statutorily required information necessary to evaluate the accessibility of defendant's hotel and its rooms. Plaintiff claims she was denied access to information on the website, not access to defendant's physical location. Thus, plaintiff is not required to have established a reasonable inference that she intends to visit or return to the hotel, simply that she intended to visit and return to the website. *See Camancho v. Vanderbilt Univ.*, 18-CV-10694, 2019 U.S. Dist. LEXIS 209202, at *26-31 (S.D.N.Y. Dec. 4, 2019) (finding standing to bring ADA suit for visually-impaired plaintiff who was unable to obtain information from university website due to screen reader software access barriers). Plaintiff has plainly alleged that she has visited defendant's ORS and was not able to book an accessible room or obtain information about features of the property. She further alleges that she intends to revisit the websites in the near future and maintains a system for tracking her rechecking of websites. Plaintiff's definite intent to visit defendant's ORS again, even if simply to test compliance, demonstrates a likelihood of future harm. Indeed, a test for the likelihood of future harm based on geographic proximity and frequency of travel, as was applied in *Marod*, is of little import in a case involving an online informational injury. *See Parks v. Richards*, 2:20-CV-227, 2020 U.S. Dist. LEXIS 86790, at *4-8 (M.D.

Fla. May 18, 2020) ("ADA website cases are somewhat tricky because courts nationwide are trying to fit the square peg of an online injury into the round hole of traditional standing analysis.").

This Court agrees with the reasoning given by several district courts in the Seventh and Eleventh Circuits that have recently ruled in favor of plaintiff Laufer and other tester plaintiffs under nearly identical facts. *See Laufer v. Surf Hotel Invs.*, LLC, 20-C-5364, 2021 U.S. Dist. LEXIS 39780 (N.D. Ill. Mar. 3, 2021); *Laufer v. Lily Pond LLC C Series*, 20-CV-617, 2020 U.S. Dist. LEXIS 244506 (W.D. Wis. Dec. 30, 2020); *Laufer v. U.L.S.T., LLC*, 20-C-3527, 2020 U.S. Dist. LEXIS 206417 (E.D. Ill. Nov. 4, 2020); *Parks v. Richard*, *supra* (finding standing even though plaintiff failed to allege he ever visited or intended to visit the motel); *Kennedy v. Sai Ram Hotels LLC*, 8:19-CV-483, 2019 U.S. Dist. LEXIS 80111 (M.D. Fla. May 12, 2019). In *U.L.S.T.*, the Court found that plaintiff's pleadings sufficiently alleged that inadequate disclosures about a hotel's accessibility deprive plaintiff of information required to make meaningful choices for travel and that she suffers frustration and humiliation as a result of the discriminatory conditions present on the hotel's booking pages. *See* 2020 U.S. Dist. LEXIS 206417, at *12-13. That Court concluded that "even absent a concrete plan to visit [the location of the hotel], Laufer has standing to bring this ADA suit." *Id.* In *Surf Hotels*, the Court opined that the fact that plaintiff has never visited defendant's hotel is simply irrelevant to whether she has been injured by defendant's failure to ensure that its websites provide the information the ADA requires. *See* 2021 U.S. Dist. LEXIS 39780, at *5. In *Lily Pond*, the Court viewed Laufer's allegations of informational and dignitary harm from defendant's noncompliant website as constituting concrete and particularized harm, and a continuing threat of future harm. *See*

2020 U.S. Dist. LEXIS 244506, at *5-12. Accordingly, this Court finds that plaintiff has adequately pleaded facts that show she suffered a concrete, particularized, and actual injury, and which allow a reasonable inference that she will return to defendant's online reservation system and suffer future harm.

The Court acknowledges that other district courts, including some in this circuit, have addressed standing in this context and reached the opposite conclusion. They opine that standing can be established only if plaintiff has a legitimate purpose for the information sought, such as actual intent to visit the place of lodging. *See Laufer v. Laxmi & Sons, LLC*, 19-CV-1501, 2020 U.S. Dist. LEXIS 216752 (N.D.N.Y. Nov. 19, 2020); *Laufer v. Dove Hess Holdings, LLC*, 5:20-CV-00379, 2020 U.S. Dist. LEXIS 246614 (N.D.N.Y. Nov. 18, 2020); *Laufer v. Mann Hospitality, LLC*, 20-CV-00620, 2020 U.S. Dist. LEXIS 191630 (W.D. Tex. Sept. 30, 2020); *Laufer v. Arpan, LLC*, 1:19-cv-200, Dkt. No. 45 (N.D. Fla. Sept. 25, 2020); *Harty v. West Point Realty, Inc.*, 19-CV-8800, 2020 U.S. Dist. LEXIS 141893 (N.D.N.Y. Aug. 7, 2020); *Kennedy v. Floridian Hotel, Inc.*, 1:18-CV-20839, 2018 U.S. Dist. LEXIS 207984 (S.D. Fla. Dec. 7, 2018). Without intent to possibly stay at the defendant hotels, these courts found no concrete or particularized injury and observed nothing more than "bare procedural violations" insufficient to confer standing. *See Spokeo*, 136 S. Ct. at 1550. This Court respectfully disagrees.

Defendant next argues that this action does not meet the second prong of the standing test under *Spokeo* because she has not shown a causal connection between defendant and third-party hotel bookings websites which offer reservations at defendant's hotel. This argument is rejected. Under the ADA regulation, which applies to "reservations made…through a third party," 28 C.F.R. § 36.302(e)(1), defendant has a duty to "provide

these third-party services with information concerning the accessible features of the hotel and the accessible rooms." *See Kennedy v. Siesta Inn & Suite, Inc.*, 828 Fed. Appx. 658, 662 (11th Cir. 2020); *see also* Dep't of Just., Americans with Disabilities Act Title III Regulations, Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities (2010), at 99. The DOJ regulations and guidelines make it clear that a hotel is responsible for maintaining a compliant ORS, even if operated through third parties. Discovery may show that defendant complied with its duties and provided the relevant information to the third-party reservation sites listed in plaintiff's complaint, in which case defendant may not be responsible for the third-party site's failure to disclose the information. *See Siesta Inn*, 828 Fed. Appx., at 662, n.4. Nonetheless, at this stage, plaintiff's allegations of non-compliance in defendant's online reservation systems through third-party websites are sufficient to proceed.

Defendant lastly submits that plaintiff lacks standing under *Spokeo* because any injury she suffered is not likely to be redressed by a favorable decision. Defendant asserts that plaintiff's "demand for injunctive relief is moot, because information regarding handicap accessible room accommodations is currently available publicly on Defendant's website." (Dkt. No. 6-1, pgs. 13-14). Defense counsel submits his own declaration attesting that he has examined all six websites named in the complaint and assesses them to be ADA compliant. (Dkt. No. 6-2). Defendant requests that the Court take judicial notice of same. The Court declines to do so and finds that the action is not moot. First, there is no evidence in the record to demonstrate whether the websites are currently in compliance with 28 C.F.R. § 36.302(e)(1) and the Court is in no position to make such an assessment. Second, part of the injunctive relief requested by plaintiff is to compel

defendant to modify its ORS to comply with the ADA and to continually monitor and ensure that the subject ORS remains in compliance. *See Haynes v. Hooters of Am., LLC,* 893 F.3d 781, 784 (11th Cir. 2018) (amending a website to fix ADA violations does not moot the case to the extent an injunction is sought to require ongoing compliance with the ADA). Thus, there remains a live controversy as to whether defendant's ORS is compliant and will be maintained as such.

### III.    Failure to State a Claim for Relief

Defendant next moves to dismiss this action under Rule 12(b)(6) on the basis that plaintiff has failed to plead sufficient detail as to the alleged ADA violations found on the third-party websites plaintiff visited. (Dkt. No. 6-1, pg. 15).

In order to state a claim under Title III, a plaintiff must demonstrate that (1) she is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that defendant discriminated against her by denying her full and equal opportunity to enjoy the services defendants provide. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Plaintiff alleges that the named third-party reservation sites "did not identify or allow for reservation or accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel," thereby causing her to be discriminated against.[6] (Dkt. No. 9, pgs. 5-6). Plaintiff's claim that defendant's ORS did not identify or allow for reservation of accessible guest rooms is

---

[6] Along with her supplemental briefing on this motion, plaintiff filed a statement providing examples of certain accessibility information that she alleges is missing from defendant's ORS, as well as attaching relevant screenshots from the various websites. (Dkt. No. 47-1). In its discretion, the Court has chosen to exclude these additional materials and allegations as they are outside the complaint. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material.").

clearly sufficient. The regulations require the operator of a place of lodging to ensure that individuals with disabilities can make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms. *See* 28 C.F.R. § 36.302(e)(1)(i). The ORS's failure to identify accessible rooms or allow for reservation of an accessible room, as is alleged by plaintiff, is sufficient to state a claim under the pleading standards. *See Juscinska v. Paper Factory Hotel, LLC*, 18-CV-8201, 2019 U.S. Dist. LEXIS 92550, at *8-9 (S.D.N.Y. June 3, 2019).

The adequacy of plaintiff's allegation that defendant failed to provide information about the accessibility features of the hotel is a closer call. The pleadings in *Juscinska* were ruled to have sufficiently alleged that defendant's website did not provide information about accessible features of the rooms and property. *See id.* There, plaintiff's complaint stated that she was "unable to determine which rooms were available to her, which rooms had accessible bathrooms, and whether she would be able to utilize the common areas and any amenities of the hotel." *Id.*, at *7. In *Harty v. Nyack Motor Hotel*, the Court explained that a plaintiff "does not need to delve deeply into the technical details of a website accessibility at the pleading stage," but warned that conclusory allegations and recitation of legal boilerplate are not comparable to factual allegations. *See* 19-CV-1322, 2020 U.S. Dist. LEXIS 40429, at *11-12 (S.D.N.Y. Mar. 9, 2020). Addressing similar ADA non-compliance allegations, the Court in *Nyack Motor Hotel* concluded that "Plaintiff fails to describe any purportedly deficient features, how they impeded his navigation of the Website, or what, if anything, he was able to observe when he did attempt to access the Website." *See id.*

Here, plaintiff's complaint is more closely akin to that of *Juscinka*, in that she describes the nature of her own disability and the specific accommodations she needs to safely navigate a hotel room and property (e.g., handicap parking spaces located closest to entrance, sufficiently wide and obstruction free aisles and passages, lowered amenities, door knobs and sink faucets that do not require tight grasping or pinching, sinks with wrapped pipes to prevent injury, grab bars behind and beside a commode, and doorways with proper clearance). Her complaint is distinguishable from *Harty v. Nyack Motor Hotel*. First, Harty alleged only that when he "attempted to access the Website, he was allegedly 'unable to do so.'" *Id*. at *3. By contrast, plaintiff Laufer alleges she visited the websites and could not obtain information about accessible rooms and features. Second, the Court found that Harty "even fails to allege the nature of his disability and how it affects his navigation of the internet or the Website in particular." *Id*. at 11. Here, plaintiff has specified the nature of her disability and the kind of information she would need to evaluate the suitability of the hotel based on her individual needs.

The regulations require that defendant's ORS "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail *to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs*." 28 C.F.R. § 36.302(e)(1)(ii) (emphasis added). The Court thus concludes that plaintiff has plausibly alleged that defendant's online reservation systems fails to reasonably identify or describe accessible features to allow her to make an evaluation based on her own accessibility needs.

In sum, the Court recommends defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) be denied based on the finding that plaintiff has standing to bring this suit and has stated a claim for relief. In light of this recommendation, the Court finds that supplemental jurisdiction over plaintiff's state law claim would be appropriate under 28 U.S.C. § 1367(a).

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to dismiss plaintiff's complaint (Dkt. No. 6) be denied. Further, it is ordered that plaintiff's motions to strike (Dkt. Nos. 25; 31) are denied.

The parties are hereby directed to jointly complete and submit to chambers, via email, a proposed case management order within 30 days of the entry of this order. The Court will issue a final case management order upon receipt and review of the proposed deadlines.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES***

**THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**


      **SO ORDERED.**

Dated:      March 22, 2021
               Buffalo, New York

                             MICHAEL J. ROEMER
                             United States Magistrate Judge